Zorik **ASATRYAN**; Ruzzanna
Gasparian; Anna Asatryan,
Petitioners,

v.

John **ASHCROFT**, Attorney
General, Respondent.

Nos. 03–70037, A75–664–540, A75–
664–541, A75–664–542.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Zorik Asatryan, Burbank, CA, pro se.

Ruzzanna Gasparian, Burbank, CA, pro
se.

Anna Asatryan, Burbank, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Zita H. Brooks, Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and
PAEZ, Circuit Judges.

### MEMORANDUM **

Zorik Asatryan, a native of Iran and a citizen of Armenia, along with his wife and minor child, who are natives and citizens of Armenia,[1] petition pro se for review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Ruzzanna Gasparian and Anna Asatryan's claims are derivative of Zorik Asatryan's claim.

Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence both the denial of asylum, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and the denial of relief under the Convention, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition.

■ Substantial evidence supports the IJ's adverse credibility finding. Asatryan testified that he was persecuted in Armenia because of his membership in the Seventh Day Adventist church. However, Asatryan submitted a document indicating that he was a member of the Armenian Evangelical Baptist Church, and then testified inconsistently about whether he was a member of that church. This inconsistency is substantial and goes to the heart of Asatryan's asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies are not minor when they relate to the basis for petitioner's allege fear of persecution).

In addition, Asatryan testified that he returned to Armenia for a visit in December of 1998, and lived with his family until June of 1999, during which time he attended prayer meetings without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (holding that applicant's claim of persecution is undercut when applicant has returned to the home country without incident).

Asatryan did not satisfy the more stringent standard for withholding of removal.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

*See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ We do not address Asatryan's Convention claim because he failed to raise it in his opening brief to this court. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

PETITION FOR REVIEW DENIED.